IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, and RMAIL LIMITED,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>INFOGROUP, INC. and YESMAIL INTERACTIVE,<br><br>　　　Defendants. | Civil Action No.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

In this Complaint against Defendants Infogroup, Inc. and Yesmail Interactive, Plaintiffs RPost Holdings, Inc., RPost Communications Limited, and RMail Limited allege, based on their own knowledge with respect to their own actions and based on information and belief with respect to all other actions, as follows:

## NATURE OF THE ACTION

1.　This action for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

## PARTIES

2.　Plaintiff RPost Communications Limited ("RPC") is a corporation organized under the laws of the Nation of Bermuda. It is the owner of United States Patent No. 7,966,372 ("the '372 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,161,104 ("the '104 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic

Messages."  RPC is also the owner of United States Patent No. 8,209,389 ("the '389 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  RPC is also the owner of United States Patent No. 8,224,913 ("the '913 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  The '372, '104, '389, and '913 patents were duly and legally issued by the United States Patent and Trademark Office on June 21, 2011; April 17, 2012; June 26, 2012; and July 17, 2012 respectively, after full and fair examination.  The '372, '104, '389, and '913 patents are valid and enforceable.  True and correct copies of the '372, '104, '389, and '913 patents are attached as Exhibits A, B, C, and D respectively.

3. Plaintiff RMail Limited ("RMail") is a corporation organized under the laws of the Nation of Bermuda.  It is the owner of United States Patent No. 6,182,219 ("the '219 patent").  The '219 patent, entitled "Apparatus and Method for Authenticating the Dispatch and Contents of Documents," is generally directed to novel apparatuses and methods for authenticating that a sender has electronically transmitted certain information via a dispatcher to a recipient.  The '219 was duly and legally issued by the PTO on January 30, 2001 after full and fair examination.  Subsequently, the '219 patent was the subject of an *ex parte* reexamination before the PTO.  On June 19, 2012, the PTO issued an *Ex Parte* Reexamination Certificate for the '219 patent confirming the validity of all of the claims.  The '219 patents is valid and enforceable.  True and correct copies of the '219 and the *Ex Parte* Reexamination Certificate are attached as Exhibits E and F respectively.

4. Plaintiff RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a place of business at 555 Republic Drive #200 Plano, Texas

75074.  It is an exclusive licensee, from RMail, of the '219 patent and an exclusive licensee from RPC of the '372, '104, '389, and '913 patents.

5. On information and belief, Defendant Infogroup, Inc. is a Delaware corporation having a principal place of business at 1020 E 1st Street, Papillion, Nebraska 68046.  Through its subsidiaries and/or business units, Infogroup provides technologies that allow users to track, report, and analyze data regarding electronic messages, including but not limited to Yesmail's electronic mail marketing services.  Infogroup has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

6. On information and belief, Inforgroup is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Infogroup resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Infogroup has appointed CT Corporation System, 1024 K Street Lincoln, Nebraska 68508 as its agent for service of process.

7. On information and belief, Defendant Yesmail Interactive is a subsidiary of Infogroup having a principal place of business at 309 S.W. Sixth Avenue, Suite 700 Portland, Oregon 97204.  Yesmail provides technologies that allow users to track, report, and analyze data regarding electronic messages, including but not limited to Yesmail's electronic mail marketing services.  Yesmail has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

8. On information and belief, Yesmail is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Yesmail resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Upon information and belief, Yesmail may be served with process through Infogroup.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (patent infringement).

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b). On information and belief, Defendants conduct business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

11. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because Defendants have minimum contacts within the State of Texas and the Eastern District of Texas, including via the website www.yesmail.com , under due process and/or the Texas Long Arm Statute, Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendants regularly conduct and solicit business within the State of Texas and within the Eastern District of Texas; and Plaintiffs' causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

12. More specifically, Defendants directly and/or through intermediaries make, offer for sale, sell, and/or advertise (including the provision of an interactive website) products and services in the United States, the State of Texas, and the Eastern District of Texas. On

information and belief, Defendants have committed acts of infringement in the State of Texas and in the Eastern District of Texas.  Defendants solicit customers in the State of Texas and in the Eastern District of Texas.  On information and belief, Defendants have paying customers who are residents of the State of Texas and the Eastern District of Texas and who use Defendants' products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,224,913

13.     Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

14.     On information and belief, Defendants have been and now is infringing the '913 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Yesmail's electronic mail marketing services.  Defendants are thus liable for infringement of the '913 patent under 35 U.S.C. § 271.

15.     On information and belief, Defendants' infringement of the '913 patent has been and/or is willful.

16.     As a result of Defendants' infringement of the '913 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

17.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '913 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT II

**INFRINGEMENT OF U.S. PATENT NO. 8,209,389**

18. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

19. On information and belief, Defendants have been and now are infringing the '389 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Yesmail's electronic mail marketing services. Defendants are thus liable for infringement of the '389 patent under 35 U.S.C. § 271.

20. On information and belief, Defendants' infringement of the '389 patent has been and/or is willful.

21. As a result of Defendants' infringement of the '389 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

22. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '389 patent, Plaintiffs will be greatly and irreparably harmed.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 8,161,104**

23. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

24. On information and belief, Defendants have been and now are infringing the '104 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the

delivery and integrity of electronic messages, including but not limited to Yesmail's electronic mail marketing services.  Defendants are thus liable for infringement of the '104 patent under 35 U.S.C. § 271.

25.  On information and belief, Defendants' infringement of the '104 patent has been and/or is willful.

26.  As a result of Defendants' infringement of the '104 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities is enjoined by this Court.

27.  Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '104 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,966,372

28.  Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

29.  On information and belief, Defendants have been and now are infringing the '372 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Yesmail's electronic mail marketing services.  Defendants are thus liable for infringement of the '372 patent under 35 U.S.C. § 271.

30.  On information and belief, Defendants' infringement of the '372 patent has been and/or is willful.

31. As a result of Defendants' infringement of the '372 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

32. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '372 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 6,182,219

33. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

34. On information and belief, Defendants have been and now are infringing the '219 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to Yesmail's electronic mail marketing services.  Defendants are thus liable for infringement of the '219 patent under 35 U.S.C. § 271.

35. On information and belief, Defendants' infringement of the '219 patent has been and/or is willful.

36. As a result of Defendants' infringement of the '219 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

37. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '219 patent, Plaintiffs will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendants have infringed the '372, '104, '389, '913, and '219 patents, and that such infringement has been and is willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendants from infringing the '372, '104, '389, '913, and '219 patents;

3. A judgment and order requiring Defendants to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '372, '104, '389, '913, and '219 patents as provided under 35 U.S.C. § 284;

4. An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

6. Any and all other relief that the Court or the jury may deem proper and just.

## DEMAND FOR JURY TRIAL

      Plaintiffs, RPost Holdings, Inc., RPost Communications Limited, and RMail Limited under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated:  August 24, 2012

By: /s/ Winston O. Huff
Winston O. Huff
State Bar No. 24068745
Navarro Huff, PLLC
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
214.749.1223 (Fax)
whuff@navarrohuff.com

OF COUNSEL:

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF FILING

      I certify that on August 24, 2012, I electronically filed the foregoing Original Complaint with the Clerk of the Court using the CM/ECF system.

                                                  /s/  Winston O. Huff